

FILED

APR 15 2026

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SALVADOR CUEVAS, JR.

CASE NO.   8:26-cr-36-VMC-CPT
21 U.S.C. § 846
(Drug Trafficking Conspiracy)
21 U.S.C. § 841(a)(1)
(Possession with Intent to
Distribute Fentanyl)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Drug Trafficking Conspiracy)

Beginning on an unknown date, but not later than in or about November 2025, and continuing through on or about January 6, 2026, in the Middle District of Florida, and elsewhere, the defendant,

SALVADOR CUEVAS, JR.,

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a controlled substance. The violation involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 846.

## COUNT TWO
### (Possession with Intent to Distribute Fentanyl)

On or about January 6, 2026, in the Middle District of Florida, the defendant,

### SALVADOR CUEVAS, JR.,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), and 18 U.S.C. § 2.

### FORFEITURE

1.     The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.     Upon conviction of a violation of 21 U.S.C. § 846 or 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.     If any of the property described above, as a result of any acts or omissions of the defendant:

    a.     cannot be located upon the exercise of due diligence;

2

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).



GREGORY W. KEHOE
United States Attorney

By: _____
E. Jackson Boggs Jr.
Assistant United States Attorney

By: _____
Michael Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

3

FORM OBD-34

April 26

No. 8:26-cr-36-VMC-CPT

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

SALVADOR CUEVAS, JR.

## SUPERSEDING INDICTMENT

Violations: 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)

Filed in open court this 15th day

of April, 2026.

_____

**JEREMIAH SMITH**       Clerk

Bail $_____

GPO 863 525