UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:26-cr-36-VMC-CPT

SALVADOR CUEVAS JR.

**NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSES, AND FACTUAL BASIS**

COMES NOW, the United States of America, by and through Gregory W.

Kehoe, United States Attorney for the Middle District of Florida, and hereby

provides notice of the maximum penalties, essential elements, and factual basis for

the charged offenses in the above captioned case. The United States provides notice

of the following in anticipation of the above-named defendant entering a change of

plea in this case:

ESSENTIAL ELEMENTS

The essential elements of Count One, a violation of 21 U.S.C. §§ 846,

841(a)(1) and 841(b)(1)(A)(ii), conspiracy to distribute and possess with intent to

distribute 400 grams or more of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ]

propanamide (fentanyl), a Schedule II controlled substance, are as follows:

First:         That two or more persons, in some way or manner, came to a
               mutual understanding to try to accomplish a common and
               unlawful plan, as charged in the Indictment;

Second:        That the Defendant, knowing the unlawful purpose of the plan,
               willfully joined in it; and

| Third: | That the object of the unlawful plan was to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl). |
| --- | --- |

The essential elements of Count Two, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), a Schedule II controlled substance, are as follows:

| First: | That the Defendant knowingly possessed a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), as charged; |
| --- | --- |
| Second: | That the Defendant intended to distribute the fentanyl; and |
| Third: | That the weight of the mixture or substance containing a detectable amount of fentanyl was 400 grams or more. |

## PENALTY

The offenses charged in Count One and Count Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of ten (10) years up to life, a fine not to exceed $10,000,000, a term of supervised release of at least five (5) years up to life, and a special assessment of $100.

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment as to Count One and Count Two because the following facts are admitted by the defendant and established by this plea of guilty:

The weight of the fentanyl the defendant conspired to distribute and possessed with intent to distribute is 400 grams or more.

Additionally, the defendant must forfeit property pursuant to 21 U.S.C. § 853, as outlined in the Indictment.

FACTUAL BASIS

Were this case to proceed to trial, the Government would be able to prove the following facts and others beyond a reasonable doubt:

On or about January 6, 2026, detectives with the Tampa International Airport Police Department (TIAPD) conducted a narcotics investigation involving United Airlines flight #418 leaving Los Angeles International Airport (LAX) and arriving to Tampa International Airport (TPA) on January 6, 2026.

TIAPD detectives observed Salvador Cuevas Jr. waiting for a bag and appearing nervous, continuously looking around, and repeatedly checking his phone considerably more than other passengers. TIAPD detectives made contact with Cuevas Jr. and conducted a consensual encounter. Cuevas Jr. identified his bag, which had a United bag tag with the name "CUEVASJR/SAL" attached. TIAPD detectives asked Cuevas Jr. if they could search his bag, and he said that they could. Law enforcement officers then found five clear vacuum sealed packages in Cuevas Jr.'s bag.

A TIAPD Narcotics Detection Dog (NDD) K-9 unit conducted a check of several bags in the area. The NDD K-9 alerted to drugs within Cuevas Jr.'s bag.

Law enforcement officers conducted a field test of one of the packages in Cuevas Jr.'s bag, and it tested positive for cocaine. Subsequent laboratory analysis showed that the substance was N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), and not cocaine. One of the packages weighed 2.2 pounds or 1 kilogram. The total weight of the 5 clear vacuum sealed packages was 12.3 pounds or 5.5 kilograms.

During a post-*Miranda* interview, Cuevas Jr. stated a guy he knows as "Chuko" asked Cuevas Jr. to transport the five clear vacuum sealed packages from Los Angeles, CA to Tampa, FL. Cuevas Jr. stated he was going to be paid $5000 to transport the packages for "Chuko." Cuevas Jr. stated he has transported items for "Chuko" on two other occasions, from Los Angeles, CA to New Jersey, and from Los Angeles, CA to Portland, Oregon, in November and December of 2025. Cuevas Jr. also said that his girlfriend told him not to do this because of the risk but that he did it anyway.

The above is merely a summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

WHEREFORE, the United States of America hereby provides notice of the above to this Honorable Court and to the above-named defendant in advance of the anticipated change of plea by said defendant.

Respectfully submitted,

GREGORY W. KEHOE
Acting United States Attorney

By:  */s/ E. Jackson Boggs Jr.*
E. Jackson Boggs Jr.
Assistant United States Attorney
USA No.: 080
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  Jackson.Boggs@usdoj.gov

**U.S. v. Salvador Cuevas Jr.**          **Case No. 8:26-cr-36-VMC-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to all Counsel of Record.

/s/ E. Jackson Boggs Jr.
E. Jackson Boggs Jr.
Assistant United States Attorney
USA No.: 080
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  Jackson.Boggs@usdoj.gov

6